IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMAND ANDREOZZI, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) Case No. 3:22-cv-2466-DWD <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, UNITED STATES PAROLE ) <br> COMMISSION, and WARDEN OF USP ) <br> MARION IL ) <br> ) <br> Respondents. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) under 28 U.S.C. § 2241. The Petition is before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

Petitioner is incarcerated at USP Marion pursuant to two sentences of the General Court-Martial of the United States Army. (Doc. 1, pg. 1). He was sentenced on June 12

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241, the Rules Governing Section 2254 may be applied. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

and November 13, 1998. (Doc. 1, pg. 1). Petitioner's initial parole hearing was conducted in 2008. (Doc. 1, pg. 6). Petitioner was given a presumptive parole date of December 1, 2013. (Doc. 1, pg. 6). His parole hearings in 2010 and 2012 did not change the presumptive parole date. (Doc. 1, pg. 6). However, in March 2013, the United States Parole Commission ("Commission") rescinded the presumptive parole date under 28 C.F.R. § 2.28(f).[2] (Doc. 1, pg. 6). The Commission held a special reconsideration hearing in June 2013, upholding the rescission of the presumptive parole date and ordering a 15-year reconsideration hearing for April 2023 or a two-thirds sentence expiration date. (Doc. 1, pg. 6).[3] The Commission, pursuant to a Notice of Action dated May 18, 2022, later affirmed the denial of parole. (Doc. 1, pgs. 2, 29-31). That decision was not appealable. (Doc. 1, pgs. 3, 30).

Now, Petitioner raises several detailed grounds for relief under § 2241, including: (1) the Commission erred by ordering Petitioner's parole considerations continued to a 15-year reconsideration hearing based on sentence aggregation under 28 C.F.R. § 2.5;

---

[2]Section 2.28(f) provides:

Upon receipt of new and significant adverse information that is not covered by paragraphs (a) through (e) of this section, a Commissioner may refer the case to the National Commissioners with his recommendation and vote to schedule the case for a special reconsideration hearing. Such referral shall automatically retard the prisoner's scheduled release date until a final decision is reached in the case. The decision to schedule a case for a special reconsideration hearing shall be based on the concurrence of two Commissioner votes, including the vote of the referring Commissioner. The hearing shall be conducted in accordance with the procedures set forth in §§ 2.12 and 2.13. The entry of a new order following such hearing shall void the previously established release date.

28 C.F.R. § 2.28(f).

[3]Petitioner indicates, "[a]s of 30 May 2022, parole determinations have reverted back to the Military Prisoners service branch. In this case, the U.S. Army Clemency and Parole Board." (Doc. 1, pg. 6).

2

(2) the Commission ignored the issue on appeal and instead reframed that issue as a sentence computation claim; (3) an examiner erred by recommending the denial of a superior program achievement without reviewing Petitioner's Statutory Interim Hearing documents, and the Commission erred by determining no significant changes occurred because Petitioner's programming was not "overwhelming"; (4) the Commission erred on their claim that Petitioner's release would promote disrespect for the law and depreciate the seriousness of the offense and, relatedly, the questioning of the examiner on that issue denied Petitioner due process; (5) Petitioner was denied due process where the Commission's decision to rescind the presumptive parole date considered his expulsion from the sex offender treatment program even though (A) the Exit Report was not considered during the special reconsideration hearing, (B) it was stated on appeal that the Exit Report would be considered at the next Statutory Interim Hearing, and (C) no action was taken in relation to the Exit Report on appeal or at the Statutory Interim Hearing; (6) and (7) Petitioner was denied due process when the examiner terminated the 2021 Statutory Interim Hearing, rendering Petitioner unable to present relevant information under 28 C.F.R. § 2.19; and (8) Petitioner was denied due process when the Commission refused to release records and documents. (Doc. 1, generally). Petitioner seeks an immediate release on parole or the setting of a parole date. (Doc. 1, pg. 27).

Here, given the limited record, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See Turner v. U.S. Parole Com'n*, 810 F.2d 612, 615 n. 6 (7th Cir. 1987) ("Parole decisions are reviewed by the courts under habeas corpus, but only for constitutional challenges or abuse of discretion."); *see also Bates v. Helman*, No. 98-2893,

3

175 F.3d 1019, *1, 3 (7th Cir. March 16, 1999) (Seventh Circuit affirming the district court's order denying the § 2241 petition of a military prisoner who was serving a sentence in the custody of the Bureau of Prisons). Accordingly, without commenting on the merits, the Court **FINDS** the Petition survives a Rule 4 preliminary review. The Warden of USP Marion is **ORDERED** to file an answer or other pleading within 30 days of the date of this order, *i.e.*, by **February 10, 2023**.[4] Petitioner shall then have 30 days, *i.e.*, until **March 13, 2023**, to file a Reply. This Memorandum & Order does not preclude any objection or defense to the Petition. Service on the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of the Court and the opposing party apprised of changes in his whereabouts. Petitioner shall notify the Clerk of the Court and the opposing party of a transfer or change of address, in writing, within 7 days. The failure to do so may result in a dismissal. *See* Fed. R. Civ. P. 41(b).

    **SO ORDERED.**

    Dated: January 12, 2023

                                        s/ David W. Dugan
                                        DAVID W. DUGAN
                                        United States District Judge

---

[4] "[W]hen the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F. 3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). Accordingly, the Clerk of the Court is **DIRECTED** remove the United States Department of Justice and the United States Parole Commission as Respondents in this case.