IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMAND ANDREOZZI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-2466-DWD |
| | ) |
| WARDEN, USP MARION, IL | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at USP Marion, filed a Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2241.[1] The Court found that Petition survived a Rule 4 preliminary review on January 12, 2023. (Doc. 5). Respondent's answer or other pleading is due on March 27, 2023. (Doc. 10). Petitioner's Reply is due on April 26, 2023. (Doc. 10).

---

[1] Petitioner was incarcerated pursuant to two sentences of the General Court-Martial of the U.S. Army. (Doc. 1, pg. 1). Petitioner raises several detailed grounds for relief under § 2241, including: (1) the United States Parole Commission ("Commission") erred by ordering Petitioner's parole considerations continued to a 15-year reconsideration hearing based on sentence aggregation under 28 C.F.R. § 2.5; (2) the Commission ignored the issue on appeal and instead reframed that issue as a sentence computation claim; (3) an examiner erred by recommending the denial of a superior program achievement without reviewing Petitioner's Statutory Interim Hearing documents, and the Commission erred by determining no significant changes occurred because Petitioner's programming was not "overwhelming"; (4) the Commission erred on their claim that Petitioner's release would promote disrespect for the law and depreciate the seriousness of the offense and, relatedly, the questioning of the examiner on that issue denied Petitioner due process; (5) Petitioner was denied due process where the Commission's decision to rescind the presumptive parole date considered his expulsion from the sex offender treatment program even though (A) the Exit Report was not considered during the special reconsideration hearing, (B) it was stated on appeal that the Exit Report would be considered at the next Statutory Interim Hearing, and (C) no action was taken in relation to the Exit Report on appeal or at the Statutory Interim Hearing; (6) and (7) Petitioner was denied due process when the examiner terminated the 2021 Statutory Interim Hearing, rendering Petitioner unable to present relevant information under 28 C.F.R. § 2.19; and (8) Petitioner was denied due process when the Commission refused to release records and documents. (Doc. 1, generally). Petitioner seeks an immediate release on parole or the setting of a parole date. (Doc. 1, pg. 27).

Now, Petitioner presents a Motion for the Appointment of Counsel (Doc. 11). Petitioner states, on the one hand, he is "an untrained self-taught pro se litigant." (Doc. 11). On the other hand, the Assistant United States Attorney "is a schooled and highly trained attorney with access to paralegals, legal researchers, brief writers, *etc.*, and all [the] resources available to his office." (Doc. 11). Petitioner describes the United States Attorney's Office as "a conglomerate with the power of the federal government behind it." (Doc. 11). Absent legal representation, Petitioner argues he "is deprived of a level playing field[,] resulting in a[n] 'unconscionable advantage' for the AUSA." (Doc. 11).

While the Court is sympathetic to this position, the Court notes there is no constitutional right to counsel on collateral review, *i.e.*, on review of a petition for writ of habeas corpus under § 2241. *See Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *accord Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). Under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must appoint legal counsel only if it finds an evidentiary hearing is warranted and the petitioner qualifies for appointed counsel under 18 U.S.C. § 3006A.[2] *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. At this pre-briefing stage, an evidentiary hearing is not yet warranted.

Further, the Court declines to otherwise exercise its discretion to appoint counsel at this pre-briefing stage in the case. *See* 28 U.S.C. § 2254(h); *see also* 18 U.S.C. § 3006A(2).

---

[2]Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, here, the rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

The following five factors are considered on that issue: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)).

Here, Petitioner's claims are colorable to the extent that they have survived a Rule 4 preliminary review. *See id.*; (Doc. 5). However, it remains unclear what "crucial facts" will have to be investigated. *See Wilson*, 716 F.2d at 418; (Doc. 1). Notably, Respondent is required to, *inter alia*, attach "parts of the transcript[s] that…[he] considers relevant" to his Response to the Petition. *See* Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may also order the furnishing of other parts of existing transcripts *See id.* For these same reasons, the nature of the relevant evidence is not such that the truth will more likely be exposed if both sides are represented by counsel. *See Wilson*, 716 F.2d at 418. Finally, at this pre-briefing stage, Petitioner has done well to present his detailed grounds for relief, and there is not yet an indication that the legal issues are so complex as to warrant the appointment of counsel. Therefore, Petitioner's Motion for the Recruitment of Counsel is **DENIED without prejudice**.

**SO ORDERED.**

Dated: March 2, 2023

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge